MESERVY LAW, P.C.
LONDON D. MESERVY (SBN: 216654)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: 858.779.1276
Facsimile: 866.231.8132

DENTE LAW, P.C.
MATTHEW S. DENTE (SBN: 241547)
matt@dentelaw.com
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: 619.550.3475
Facsimile: 619.342.9668

Attorneys for Defendant ABC Legal Services, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>Defendants. | Case No.: 3:24-cv-04185-WHO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ABC LEGAL SERVICES, LLC'S MOTION FOR SANCTIONS AND VEXATIOUS LITIGANT DECLARATION**<br><br>Date: December 4, 2024<br>Time: 2:00 p.m.<br>Location: Zoom Videoconference |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND. ............................ 1

    A. Plaintiff's First Action Against ABC Is Dismissed with Prejudice and Upheld on Appeal. .................................................................................................................. 2

    B. Plaintiff Files and Dismisses a Second Action Against ABC In Early 2024. ..................... 4

    C. Plaintiff Files His Third Action Against ABC. ................................................ 5

III. ARGUMENT .................................................................................................................. 5

    A. This Court Should Sanction Plaintiff for Filing Duplicative Civil Actions Against ABC In This Court in Violation of the Orders of the U.S. District Court for the Northern District of California and the Ninth Circuit Court of Appeal. ............................ 5

    B. This Court Should Sanction Plaintiff Under Civil L.R. 3(C) for Willfully Dismissing Austin II and Refiling His Claims in Austin III to Obtain a New Judicial Assignment in Violation of Civil L.R. 3-3(b). ...................................................... 7

    C. The Court Should Declare Plaintiff a Vexatious Litigant and Enter a Prefiling-Order, Requiring Plaintiff to Seek Pre-Filing Approval in This Court Prior to Filing Cases or New Motions in the Northern District of California *Pro Se* Against ABC, or Any of Its Employees, Officers, Agents, or Counsel. .............................................................. 9

        1. Legal standard for vexatious litigant declaration and prefiling orders. ................. 9

        2. Plaintiff was provided notice of this motion and a full opportunity to respond ... 10

        3. An ample record of frivolous and harassing conduct exists to justify an order declaring Plaintiff a vexatious litigant and entering a prefiling order. .................. 10

        4. The relief ABC requests is a sufficiently narrowly tailored remedy. ................... 14

IV. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**CASES**

*Austin v. ABC Legal*
　Case No. 21-cv-09076-SI, 2022 WL 14812646, *2 (N.D. Cal. October 25, 2022) ..................... 12

*Austin v. Atlina, et al.*
　No. 4:20-cv- 06363-DMR (N.D. Cal.)................................................................................ 10

*Austin v. Budget Rental Car, Inc.*
　No. 20-cv-06229-AGT, 2020 WL 8615183 (N.D. Cal. September 17, 2020) ...................... 10, 12

*Austin v. Chesney*
　No. 3:22-cv-02506 (N.D. Cal.) .......................................................................................... 11

*Austin v. Georgetown University et al*
　Case No. 19-cv-05631-YGR (N.D. Cal.)............................................................................ 10, 12

*Austin v. Internal Revenue Service*
　et. al., No. 3:21-cv-02637 (N.D. Cal.) ............................................................................... 11

*Austin v. Kemper Corporation*
　No. 22-15113, 2023 WL 3580340 (Ninth Cir. May 22, 2023).................................................. 12

*Austin v. Kemper In. Ins. Co.*
　3:21-cv-03208 SI (N.D. Cal.) ............................................................................ 11, 12, 13

*Austin v. One Legal LLC*
　No. 3:22-cv-00360 (N.D. Cal.) .......................................................................................... 11

*Austin v. Riley*
　No. 3:21-cv-09347 (N.D. Cal.) .......................................................................................... 11

*Austin v. San Joaquin Superior Court*
　4:21-cv-05225 (N.D. Cal.) ................................................................................................ 11

*Austin v. State Bar*
　No. 4:21-cv-06794 (N.D. Cal) ........................................................................................... 11

*Austin v. Tesla, Inc.*
　No. 3:20-cv-00800-EMC (N.D. Cal.) ................................................................................. 10

*Austin v. United States Postal Service*
　No. 4:21-cv-03108 (N.D. Cal.) .......................................................................................... 11

*Austin v. Zhang, et al.*
　No. 3:20-cv-05445-RS (N.D. Cal.) .................................................................................... 11

*Boustred v. Government*
　No. C-08-00546 RMW, 2008 WL 4287570 (N.D. Cal. September 17, 2008) ........................ 13

*Brown v. Spearman*
　No. 2:19-cv-0420 TLN AC P, 2019 WL 2513732, * 2(E.D. Cal June 18, 2019) ......................... 5

*Bruzzone v. United States Att'y of N. California Dist.*
　No. 22-CV- 06412-HSG, 2023 WL 5239639, at *4 (N.D. Cal. Aug. 15, 2023) ........................... 9

*Carrick v. Rice*
　No. 18-CV-00454-LHK, 2018 WL 11025037 (N.D. Cal. June 28, 2018) ................................ 7, 8

*Chambers v. NASCO, Inc.*
　501 U.S. 32 (1991)............................................................................................................ 6

*Dallakian v. MTC Financial Inc.*
　No. CV 13-05293 GAF (JCGx), 2013 WL 12143956, * (C.D. Cal. October 24, 2013) ............... 5

*De Long v. Hennessey*
　912 F.2d 1144, 1147-48 (9th Cir. 1990) ........................................................................ 8, 9, 10

*Drevaleva v. Alameda Health Sys.*
　No. 22-CV-01585-EMC, 2022 WL 2644086, at *1 (N.D. Cal. July 7, 2022).......................... 9, 13

*Harry v. KCG Americas LLC*
   No. 20-CV-07352-HSG, 2021 WL 2711746, at *7 (N.D. Cal. July 1, 2021) .............................. 9
*Huggins v. Hynes*
   117 F. App'x 517, 518 (9th Cir. 2004) ............................................................................... 13
*Lazo v. United States*
   No. 98CV0119-B (LSP), 1999 WL 250893, at *3 (S.D. Cal. Feb. 9, 1999) .................................. 5
*Molski v. Evergreen Dynasty Corp.*
   500 F.3d 1047 (9th Cir. 2007) ............................................................................................. 9
*Moore v. Wells Fargo Bank*
   No. 2:17-cv-04828-ODW (GJS), 2018 WL 2723305, * (C.D. Cal. March 21, 2018) ................. 13
*Moy v. United States*
   906 F.2d 467 (9th Cir. 1990) ............................................................................................... 9
*Ringgold-Lockhart v. Cty. of Los Angeles*
   761 F.3d 1057 (9th Cir. 2014) ............................................................................................. 9
*Weissman v. Quail Lodge, Inc.*
   179 F.3d 1194 (9th Cir. 1999) ............................................................................................. 8
*Yei A. Sun v. Adv. China Healthcare, Inc.*
   901 F.3d 1081, 1092 (9th Cir. 2018) .................................................................................... 6
*Young v. United States ex rel. Vuitton et Fils S.A.*
   481 U.S. 787 (1987) ............................................................................................................ 6

**STATUTES**
28 U.S.C. § 1651(a) ................................................................................................................... 8
42 U.S.C. § 1981 ................................................................................................................... 2, 3
California Civil Code § 51 ........................................................................................................ 2
Civil Local Rule 3.3(c) ............................................................................................................... 7
Civil Local Rule 3-12 ................................................................................................................. 7
Civil Local Rule 3-12(a) ............................................................................................................. 6
Civil Local Rule 3-12(b) ............................................................................................................. 6
Civil Local Rule 3-12(f)(3) ......................................................................................................... 6
Civil Local Rule 3-3(a) ............................................................................................................... 6
Civil Local Rule 3-3(b) ............................................................................................................... 7
Civil Local Rule 3-3(c) ...................................................................................................... 6, 7, 8
Civil Local Rule 3-9 ................................................................................................................... 5
Civil Local Rule 7-11 ................................................................................................................. 6

Defendant ABC Legal Services, LLC ("ABC"), respectfully submits this memorandum of points and authorities in support of its Motion for Sanctions and Vexatious Litigant Declaration.

I.  **INTRODUCTION**

After having his first action against ABC dismissed with prejudice for failure to state a claim, losing his subsequent appeal at the Ninth Circuit, and voluntarily dismissing a second duplicative lawsuit against ABC to avoid a judge whose rulings he disliked, Plaintiff George Jarvis Austin ("Plaintiff") filed the pending action alleging substantially identical claims against ABC as he had in his prior cases. This time, Plaintiff adds a significant portion of the Northern District's bench of judges as co-defendants. This Court has recently granted ABC's motion to dismiss Plaintiff's third action with a circumscribed opportunity for Plaintiff to seek to amend his complaint. (ECF No. 50.) However, when Plaintiff's suit is inevitably dismissed, ABC will still be subject to Plaintiff's improper tactics and harassment. This Court's records reflect that Plaintiff has filed dozens of cases against scores of defendants in the Northern District and has never once prevailed. Plaintiff has rack up an impressive record of defeats by filing meritless claims and refiling duplicative second and third suits to end around prior orders dismissing his cases with prejudice. Along the way, Plaintiff willfully violates the Northern District's Local Rules – as he has done here by judge shopping and failing to make required filings. ABC will reap little benefit from another victory on its motion to dismiss if Plaintiff is allowed to refile those meritless claims in another action without consequence. Accordingly, through this motion ABC respectfully requests that this Court enter an order sanctioning Plaintiff for his multiple violations of this Court's rules by dismissing this action with prejudice, declaring Plaintiff a vexatious litigant, and subjecting Plaintiff to a pre-filing order.

II.  **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND.**

Plaintiff filed his complaint in this action on July 27, 2024. (ECF No. 16-1 [Pla.'s Compl.].) This is the *third* time Plaintiff has sued ABC within the past 3 years. Each time, Plaintiff has filed complaints that do not comply with the Federal Rules of Civil Procedure and contain a mishmash of disjointed factual allegations that fail to state any claim upon which relief can be granted.

///

///

///

**A. Plaintiff's First Action Against ABC Is Dismissed with Prejudice and Dismissal is Upheld on Appeal.**

On November 22, 2021, Plaintiff filed his original complaint in the Northern District in Case No.: 21-cv-09076-SI ("Austin I"). (21-cv-09076 ECF No. 1.) Plaintiff's original complaint in Austin I, though somewhat incomprehensible, asserted that ABC's refusal to work with him gave rise to claims for: (i) intentional discrimination in violation of UNRUH and 42 U.S.C. § 1981; (ii) defamation; and (iii) breach of contract. (*Id.*) On December 15, 2021, ABC filed its Motion to Dismiss Plaintiff's Complaint or, in the Alternative Motion for a More Definite Statement. (21-cv-09076 ECF No. 18.) ABC's original motion to dismiss asserted that Plaintiff's complaint failed to provide any meaningful factual allegations against ABC and instead merely contained rambling assertions about Plaintiff's background, his feelings toward ABC, and general conclusions that he was discriminated/retaliated against or that agreements were not honored. (*Id.*) On December 15, 2021, Plaintiff filed a Motion for Leave to Amend & Reassignment ("Motion for Leave"). (21-cv-09076 ECF No. 20.)

On December 17, 2021, the Court entered its Order on Pending Motions. (21-cv-09076 ECF No. 24.) In its December 17, 2021, Order, the Court ordered that Plaintiff's Motion for Leave was moot and notified Plaintiff of his ability to file an amended complaint as a matter of course by January 5, 2022. (*Id.*)

Plaintiff failed to file an opposition to ABC's original motion to dismiss. Plaintiff also failed to file an amended complaint on or before January 5, 2022, despite the Court's reminder to Plaintiff in its December 17, 2021, Order. On February 14, 2022, Plaintiff filed an amended complaint without first obtaining leave of court or ABC's written consent. (21-cv-09076 ECF No. 38.) Plaintiff's amended complaint in Austin I asserted claims for "intentional discrimination" and "defamation" but failed to contain non-conclusory allegations sufficient to substantiate those claims. (*Id.*)

On February 17, 2022, ABC filed its Motion to Strike Plaintiff's Amended Complaint or, in the alternative, Motion to Dismiss or for a More Definite Statement. (21-cv-09076 ECF No. 41.) On March 22, 2022, the Court entered its Order (1) Granting Defendant's Motion to Dismiss and (2) Granting Defendant's Motion to Strike. (21-cv-09076 ECF No. 55.) As a part of its March 22, 2022, Order, the

///

1  Court granted Plaintiff leave to amend his first amended complaint to cure the deficiencies identified in
2  the order by April 10, 2022. (*Id.*)

3  On March 30, 2022, Plaintiff filed his second amended complaint. (21-cv-09076 ECF No. 60.)
4  Plaintiff's second amended complaint in Austin I was once again devoid of the meaningful, non-
5  conclusory factual allegations necessary to sustain his claims. (*Id.*) On April 11, 2022, ABC filed its
6  Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice. (21-cv-09076 ECF No. 61.)
7  On May 20, 2022, the Court entered an Order Granting Defendant's Motion to Dismiss and Denying
8  Plaintiff's Motion for Judgment as a Matter of law. (21-cv-09076 ECF No. 77.) As it pertained to ABC's
9  Motion to Dismiss Plaintiff's second amended complaint, the Court's May 20, 2022, Order held:
10 (1) Plaintiff's section 1981 claim failed because Plaintiff did not "adequately plead that 'similarly situated
11 individuals who were not members of the plaintiff's protected class were not denied the right to contract
12 for those service"; (2) Plaintiff's Unruh Act claimed failed because he failed to provide nonconclusory
13 allegations that ABC acted with discriminatory intent; and (3) Plaintiff's Defamation claim failed because
14 "the SAC fails to 'specifically' identify the false statements made about Austin … the SAC ought to
15 plead 'verbatim' the words constituting [the allegedly false statements]…" (Id at 5:17-23; 6:4-8; 7:1-8.)
16 The Court's May 20, 2022, Order gave Plaintiff until June 6, 2022, to amend his complaint. (*Id.*)

17  Plaintiff did not take advantage of the two weeks of time the Court provided for him to carefully
18 assess the Court's May 20, 2022, Order and add necessary factual allegations to his complaint. Instead,
19 less than two hours after the Court entered its May 20, 2022, Order, Plaintiff filed his third amended
20 complaint. (21-cv-09076 ECF No. 79.) Plaintiff's third amended complaint in Austin I made no
21 substantive edits addressing the deficiencies highlighted by the Court in its May 20, 2022, Order. (*Id.*)
22 On May 23, 2022, ABC filed its Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice
23 based on Plaintiff's repeated failure to amend his allegations to sufficiently address the deficiencies
24 identified in the Court's prior dismissal orders. (3:21-cv-09076, ECF No. 80.) On May 31, 2022, the
25 Court issued its Order Dismissing Complaint with Prejudice and judgment in ABC's favor. (3:21-cv-
26 09076, ECF Nos. 88 and 89.) Plaintiff appealed the Court's May 31, 2022, order and judgment.

27  On May 22, 2023, the Ninth Circuit affirmed the Court's May 31, 2022, order and judgment.
28 (Request for Judicial Notice in Support of Defendant ABC Legal Services, LLC's Motion to Dismiss

(ECF No. 24-3) ("RJN") at Ex. A.) The Ninth Circuit issued Mandate, which awarded ABC its costs, on June 13, 2023. (*Id*. at Ex. B.) To date, Plaintiff has failed to pay ABC the costs he owes to it based upon the Ninth Circuit's Mandate.

### B. Plaintiff Files and Dismisses a Second Action Against ABC In Early 2024.

Faced with the prior dismissal with prejudice and the Ninth Circuit's order affirming the same, Plaintiff filed a second action against ABC in this Court on April 16, 2024 ("Austin II"). (Case No. 3:24-cv-02249, ECF No. 1.) Plaintiff's original complaint in Austin II contained substantively identical allegations as the original first amended, second amended, and third amended complaints in Austin I, with all the same pleading issues that lead to dismissal of Austin I with prejudice. (*Id.*) In addition, Plaintiff's complaint in Austin II also alleged that ABC's violations were done in concert with several judges of the U.S. District Court for the Northern District of California: "Susan Illston,[1] Donna Ryu, Edward Chen, Richard Seeborg, Maxine M. Chesney, Alex G. Tse, William Alsup, Edward J. Davila, & Yvonne Gonzalez Roger…" (*Id.*) Plaintiff then filed a first amended complaint in Austin II, which made no improvement to the specificity or understandability of his claims – other than confirming again that they arose from ABC's refusal to work with Mr. Austin. (Case No. 3:24-cv-02249, ECF No. 5) Thereafter, the case was assigned to one of the few judges in the Northern District whom Plaintiff had yet to sue – U.S. District Judge Rita F. Lin. (Case No. 3:24-cv-02249, ECF No. 12.) Judge Lin issued an order denying Plaintiff's request for issuance of summons due to non-compliance with several rules of pleading. (Case No. 3:24-cv-02249, ECF No. 16.) Thereafter, Plaintiff filed several incoherent responses, including a motion for clarification/an order to show cause, an affidavit, a proposed amended complaint, and a proposed summons. Judge Lin construed this conduct as a motion for clarification and denied it as moot due to Plaintiff's filing of a second amended complaint in Austin II. (Case No. 3:24-cv-02249, ECF No. 22.) Nonetheless, Plaintiff voluntarily dismissed Austin II on May 3, 2024. (Case No. 3:24-cv-02249, ECF No. 25.) In his Notice of Voluntary Dismissal, Plaintiff explained the reason for his decision to voluntarily dismiss Austin II sprung from his disagreement with Judge Lin's orders, and his belief that Judge Lin was applying the Federal Rules of Civil Procedure unequally due to his race. (*Id.*)

---

[1] Judge Susan Illston presided over Austin I.

### C. Plaintiff Files His Third Action Against ABC.

Less than one year after mandate was issued in Austin I and Plaintiff filed and dismissed Austin II, Plaintiff filed this action ("Austin III") against ABC submitting a complaint containing substantively the same allegations with the same pleading issues as the 5 complaints Plaintiff filed in Austin I and II. (ECF No. 16-1.) The same Judges of the Northern District named in Austin II were named in Austin III with the addition of Judge Rita F. Lin. ABC already filed a motion to dismiss Austin III with prejudice (ECF No. 24) and the Court recently granted the motion to dismiss and provided Plaintiff with a circumscribed opportunity to seek leave to file another amended complaint. (ECF. No. 50.)

## III. ARGUMENT

### A. This Court Should Sanction Plaintiff for Filing Duplicative Civil Actions Against ABC In This Court and Extemporaneous Filings in Violation of the Orders of the U.S. District Court for the Northern District of California and the Ninth Circuit Court of Appeal.

Plaintiff filed Austin I against ABC on substantially identical grounds[2] and lost after having numerous opportunities to cure the same deficiencies that exist here. Filing Austin III against ABC alleging claims in nearly identical fashion is Plaintiff's bad faith attempt to end-around the prior rulings dismissing Austin I with prejudice. Failure to obey a court order, these circumstances, is grounds for dismissal. *Lazo v. United States*, No. 98CV0119-B (LSP), 1999 WL 250893, at *3 (S.D. Cal. Feb. 9, 1999). In *Lazo*, the court dismissed a newly filed action where it had already dismissed a substantially similar complaint without leave to amend. *Id.* ("[B]y dismissing without leave to amend, the Court means exactly that – without leave to amend, ever."); *see also Brown v. Spearman*, No. 2:19-cv-0420 TLN AC P, 2019 WL 2513732, * 2(E.D. Cal June 18, 2019) (a plaintiff may not avoid a dismissal without leave to amend by initiating a new action); *Dallakian v. MTC Financial Inc.*, No. CV 13-05293 GAF (JCGx),

---

[2] Although Plaintiff's subsequent actions allege that ABC has continued to refuse to engage in business with him in periods after the dismissal of his first action, the basis for his claims all stem from the same common nucleus of facts that were the subject of Plaintiff's initial action – ABC's decision to refuse to work with him and process his service requests. There is no dispute that the alleged decision by ABC to refuse to work with Plaintiff and process his service requests was a decision that Plaintiff challenged in Austin I. His claims based on that decision, were dismissed with prejudice. The legality of that decision, despite having implications in years subsequent to the dismissal of Austin I, cannot be relitigated after a dismissal with prejudice.

2013 WL 12143956, * (C.D. Cal. October 24, 2013) (a dismissal with prejudice in first action through [motion to dismiss] results in dismissal of second action based on claims that were or could have been alleged in the first action.)

The Civil Local Rules of this Court provide that "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." Civil L.R. 3-9. In addition, it is "firmly established" that "[t]he power to punish for [contempt] is inherent in all courts," as "[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (citations omitted); *see also Yei A. Sun v. Adv. China Healthcare, Inc.*, 901 F.3d 1081, 1092 (9th Cir. 2018) (same).

Moreover, within *hours* of this Court's issuance of the order granting ABC's Motion to Dismiss (ECF No. 50), Plaintiff violated that order. In its most recent order, the Court directly admonished Plaintiff as follows:

> *I also caution Austin against further extemporaneous filings or ex parte contact with the court. Since filing his Complaint, Austin has filed dozens of affidavits, declarations, and other incomprehensible documents on the docket, and has contacted this court's courtroom deputy, the criminal division of the Department of justice, and the ECF Help Desk, along with opposing counsel via email dozens of times. His communications border on harassment. They must stop.*

(ECF No. 50 at 1:26-28, FN 1.) But less than three hours later, Plaintiff filed a rambling, incomprehensible document entitled: "Response: Forthcoming SAC" that fits squarely into the class of extemporaneous filings the Court had admonished him against filing.. (ECF No. 51.) The same is true with respect to 52 pages of "Declaration" and "Exhibits" Plaintiff filed at 4:12 am the morning after he received the order admonishing him. (ECF No. 52.)

Here, there is no question that dismissal of Austin III is warranted, not just as a sanction, but for all the reasons set forth in ABC's motion to dismiss and the resulting order. (ECF Nos. 24-50.) Plaintiff has already shown that he intends to keep re-filing his claims even if this Court dismisses them with prejudice and regardless of any Ninth Circuit order affirming such dismissals. Additionally, ABC

respectfully submits that the appropriate sanction for Plaintiff's conduct is a pre-filing order, requiring Plaintiff to seek pre-filing approval in this Court prior to filing cases or new motions in the Northern District of California against ABC, or any of its employees, officers, agents, or counsel, as set forth in Section III.C. below.

> **B.  This Court Should Sanction Plaintiff Under Civil L.R. 3(C) for Willfully Dismissing Austin II and Refiling His Claims in Austin III to Obtain a New Judicial Assignment in Violation of Civil L.R. 3-3(b).**

Judicial assignments in this District are randomly and blindly made pursuant to the Assignment Plan of the Court (General Order No. 44). *See* Civil L.R. 3-3(a). When an action is filed and a party knows or learns that the action "is (or the party believes that the action may be) related to an action which is *or was* pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b) (emphasis supplied). If the Judge "decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge." Civil L.R. 3-12(f)(3).

Civil Local Rule 3-3(c) provide:

> ***c) Refiled Action.*** *If any civil action or claim of a civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed.* ***Any party who files an action in multiple divisions or dismisses an action and subsequently refiles it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions.***

Civil L.R. 3-3(c) (emphasis added).

On April 16, 2024, Plaintiff initiated Austin II by filing a complaint substantively duplicative of the claims that had been dismissed with prejudice in Austin I. In Austin II, Plaintiff never filed the required Motion to Consider Whether the Case Should be Related pursuant to Civil L.R. 3-12 as he should have. (*See, generally,* Docket in Austin II.) Then, after disagreeing with the orders he received from Judge Lin in Austin II concerning his requests for issuance of summons, Plaintiff dismissed Austin II and specifically admitted that that voluntary dismissal was based on his displeasure with Judge Lin's rulings:

1   "This is to avoid further Due [sic] process violations, or racially discriminatory bias by this Court." (Case
2   No. 3:24-cv-02249-RFL, ECF No. 25.) Then, shortly thereafter, Plaintiff filed Austin III, containing the
3   same allegations against ABC as in Austin I and II – again violating the requirement that he file a Motion
4   to Consider Whether the Case Should be Related pursuant to Civil L.R. 3-12. (*See, generally,* Docket in
5   Austin III.) Thus, Plaintiff willfully violated the Northern District's rules twice. Moreover, Plaintiff's
6   own words and conduct show he chose to dismiss Austin II and initiate Austin III for the express purpose
7   of getting a judge different than Judge Lin in Austin II. This is the precise conduct prohibited by Civil
8   L.R. 3.3(c) and requires Plaintiff be sanctioned for his behavior.

9         Plaintiff cannot be allowed to benefit from his gamesmanship. Sanctions are mandatory under the
10  Rule: "Any party who … dismisses an action and subsequently refiles it for the purpose of obtaining an
11  assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions." Civil
12  L.R. 3-3(c) (emphasis added). In *Carrick v. Rice*, No. 18-CV-00454-LHK, 2018 WL 11025037 (N.D.
13  Cal. June 28, 2018), the district court was faced with another *pro se* plaintiff who refused to take the
14  Court's Orders to heart. After having his cases repeatedly related and dismissed by Judge Koh, the
15  plaintiff moved for reconsideration. Less than two weeks later, the plaintiff filed nearly identical claims
16  against the same parties in a different district. The defendants moved to dismiss and for sanctions under
17  Civil L.R. 3-3(c). The Court agreed:

18
19   > *"Clearly, Plaintiff was attempting to avoid having the undersigned judge, who has dismissed Carrick II, Carrick III, and Carrick IV, from presiding over Carrick V. That contravenes Local Rule 3-3(c), and the Court agrees with Defendants that dismissal of this action is an appropriate sanction."*
20

21  *Id*. at *7. Notably, the Court observed that the misconduct was an "independent basis for dismissing" the
22  complaint. *Id.*

23        Here, there is no question that dismissal is warranted in the present case, not just as a sanction,
24  but for all the reasons set forth in ABC's pending motion to dismiss. (ECF No. 24.) Plaintiff has already
25  shown that he intends to keep re-filing his claims regardless of whether this Court dismisses them. Civil
26  L.R. 3-3(c) requires the imposition of "appropriate" sanctions. However, as Plaintiff's willful refusal to
27  pay costs owed from Austin I show, monetary sanctions will be inadequate. ABC respectfully submits
28

that the only "appropriate" sanction is a pre-filing order, requiring Plaintiff to seek pre-filing approval in this Court prior to filing cases or new motions in the Northern District of California against ABC, or any of its employees, officers, agents, or counsel, as set forth in Section III.C. below.

### C. The Court Should Declare Plaintiff a Vexatious Litigant and Enter a Prefiling-Order, Requiring Plaintiff to Seek Pre-Filing Approval in This Court Prior to Filing Cases or New Motions in the Northern District of California *Pro* Se Against ABC, or Any of Its Employees, Officers, Agents, or Counsel.

*1. Legal standard for vexatious litigant declaration and prefiling orders.*

District courts have the inherent power to order restrictive pre-filing procedures against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge*, *Inc*., 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Although pre-filing orders should rarely be used, federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under … appropriate circumstances." *De Long*, 912 F.2d at 1147 (quotation marks omitted). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148. Under the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such ... restriction' that courts may impose." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147).

An injunction cannot issue merely upon a showing of litigiousness. *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990). Instead, "[t]o decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1059 (9th Cir. 2007) (citations and quotation marks omitted). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice

encountered." *Id.* at 1062 (quoting *De Long*, 912 F.2d at 1147-48). "The first and second of these requirements are procedural," while the third and fourth requirements are "substantive considerations" helpful to "defining who is a vexatious litigant and fashioning an appropriate remedy." *Id.* at 1062.

Even exercising caution in considering whether and how to fashion an appropriate prefiling order, Courts in this District have not hesitated to grant such orders when the *De Long* factors are met. *See, e.g., Bruzzone v. United States Att'y of N. California Dist.*, No. 22-CV- 06412-HSG, 2023 WL 5239639, at *4 (N.D. Cal. Aug. 15, 2023); *Drevaleva v. Alameda Health Sys.*, No. 22-CV-01585-EMC, 2022 WL 2644086, at *1 (N.D. Cal. July 7, 2022), *aff'd*, No. 22-16150, 2023 WL 2584258 (9th Cir. Mar. 21, 2023); *Harry v. KCG Americas LLC*, No. 20-CV-07352-HSG, 2021 WL 2711746, at *7 (N.D. Cal. July 1, 2021), *aff'd*, No. 21-16258, 2022 WL 883749 (9th Cir. Mar. 24, 2022); *Drevaleva v. McDonough*, No. 22-CV-00887-HSG, 2022 WL 15173728, at *4 (N.D. Cal. Oct. 26, 2022).

### 2. *Plaintiff was provided notice of this motion and a full opportunity to respond.*

ABC filed its requests for sanctions, vexatious litigant declaration, and pre-filing order as a noticed motion to provide Plaintiff the required notice and opportunity to respond prior to the entry of the Court's ruling.

### 3. *An ample record of frivolous and harassing conduct exists to justify an order declaring Plaintiff a vexatious litigant and entering a prefiling order.*

Here, the record establishes a clear pattern of Plaintiff filing frivolous suits and then, after dismissal with prejudice, improperly refiling claims. In Austin I, Plaintiff was given a litany of chances to cure the deficiencies in his complaints but never did so. Ultimately, the Court concluded Plaintiff could not successfully amend his complaint and granted dismissal with prejudice. On appeal, the Ninth Circuit affirmed. In Austin II, Plaintiff re-filed his inadequate allegations and, after taking issue with Judge Lin's rulings, chose to voluntarily dismiss his complaint. Now, in another attempted end-around the Court's and the Ninth Circuit's orders, Plaintiff files largely duplicative claims for a third time in Austin III – all based on ABC's prior decision not to engage with him. Plaintiff's well-documented conduct in Austin I, II, and III is clearly frivolous and harassing. *De Long*, 912 F.2d at 1147-48

ABC is not the only victim of Plaintiff's hobby of filing bad-faith, baseless complaints. Plaintiff has racked up an impressive record of defeats in this Court. In addition to his three cases against ABC,

Plaintiff has filed numerous additional *pro se* actions in the Northern District including:

| CASE NAME | RESULT |
|---|---|
| *Austin v. Georgetown University et al*, Case No. 19-cv-05631-YGR (N.D. Cal.) | Motion to Dismiss Granted (Case No. 19-cv-05631-YGR, ECF No. 130), aff'd by Ninth Circuit Case No. 21-16191 (Case No. 19-cv-05631-YGR, ECF No. 130) |
| *Austin v. Tesla, Inc.,* No. 3:20-cv-00800-EMC (N.D. Cal.) | Motion to Dismiss Granted (Case No. 3:20-cv-00800-EMC, ECF No. 94, aff'd by Ninth Circuit, ECF No. 128) |
| *Austin v. Budget Rental Car, Inc.,* et al., No. 3:20-cv-06229-WHA (N.D. Cal.) | Dismissing Complaint (Case No., 3:20-cv-06229-WHA, ECF No. 59) |
| *Austin v. Atlina, et al.,* No. 4:20-cv-06363-DMR (N.D. Cal.) | Order Dismissing Complaint (Case No. 4:20-cv-06363-DMR, ECF No. 129), |
| *Austin v. Zhang, et al.*, No. 3:20-cv-05445-RS (N.D. Cal.) | Motion to Dismiss Granted (Case No. 3:20-cv-05445-RS, ECF No. 189), |
| *Austin v. Internal Revenue Service*, et. al., No. 3:21-cv-02637 (N.D. Cal.) | Voluntary Dismissal (Case No. 3:21-cv-02637, ECF No. 144) |
| *Austin v. Riley*, No. 3:21-cv-09347 (N.D. Cal.) | Voluntary dismissal (Case No. 3:21-cv-09347 ECF No. 27.) |
| *Austin v. United States Postal Service*, No. 4:21-cv-03108 (N.D. Cal.) | Order of Dismissal for Failure to Complete Service (Case No. 4:21-cv-03108, ECF No. 31) |
| *Austin v. San Joaquin Superior Court*, 4:21-cv-05225 (N.D. Cal.) | Order Granting Motion to Dismiss (Case No. 4:21-cv-05225, ECF No. 47) |
| *Austin v. State Bar*, No. 4:21-cv-06794 (N.D. Cal) | Order Granting Plaintiff's Motion to Withdraw as Motion for Voluntary Dismissal (Case No. 4:21-cv-06794, ECF No. 142) |

| *Austin v. One Legal LLC*, No. 3:22-cv-00360 (N.D. Cal.) | Order Granting Motion to Dismiss (Case No. 3:22-cv-00360, ECF No. 100) |
|---|---|
| *Austin v. Chesney*, No. 3:22-cv-02506 (N.D. Cal.) | Order Dismissing Action (Case No. 3:22-cv-02506, ECF No. 18) |
| *Austin v. Kemper In. Ins.* Co., 3:21-cv-03208 SI (N.D. Cal.) | Order Granting Motion to Dismiss (Case no. 3:21-cv-03208 SI, ECF No. 95), Ninth Circuit Order Affirming (Case No. 3:21-cv-03208 SI ECF No. 133) |

Evaluation of the foregoing case dockets and orders reveal that Plaintiff has an unusually extensive history of filing meritless cases that the Courts of the Northern District either dismiss (usually after providing Plaintiff several opportunities to cure) or Plaintiff voluntarily dismisses just before an order on a motion to dismiss or decision on the merits is rendered.

Moreover, Courts of the Northern District have admonished Plaintiff and declared his conduct frivolous and harassing. In fact, in its recent order, this Court admonished Plaintiff for filing incomprehensible complaints and motions and engaging in improper conduct bordering on harassment of the Court. (ECF No. 50.) But this is hardly the first time.

For example, in Austin I, after Judge Illston dismissed Plaintiff's third amended complaint with prejudice and without leave to amend, Plaintiff filed a baseless Motion for Reconsideration that Judge Illston ultimately ruled repeated his conclusory allegations and "meritless" arguments and compelled Judge Illston to admonish Plaintiff as follows: "Because plaintiff's arguments are meritless, plaintiff's motion is **DENIED**. Further, plaintiff is admonished against filing any further motions in this closed case." *Austin v. ABC Legal*, Case No. 21-cv-09076-SI, 2022 WL 14812646, *2 (N.D. Cal. October 25, 2022).

In *Austin v. Budget Rental Car, Inc.*, U.S. Magistrate Judge Tse refused to permit Plaintiff to file an amended complaint and recommended dismissal of Plaintiffs claims because (i) the factual allegations were frivolous in that they were both "incredible" and "not based on provable facts"; and (ii) Plaintiff's complaint failed to state a claim upon which relief could be granted despite containing ninety-eight pages

of conclusory allegations. *Austin v. Budget Rental Car, Inc.*, No. 20-cv-06229-AGT, 2020 WL 8615183 (N.D. Cal. September 17, 2020). There, the Court specifically concluded that Mr. Austin had filed a "frivolous" action. *Id.* at * 3 ("The undersigned concludes that Austin's allegations against Budget are frivolous…")

In *Austin v. Kemper Corporation (Insurance)*, Judge Illston ruled that Plaintiff had made baseless claims of judicial conflict and bias. *Austin v. Kemper Corporation (Insurance)* No. 21-CV-03208-SI, 2022 WL 798114, * 1 (N.D. Cal. March 16, 2022). Ultimately, dismissal of that action with prejudice was affirmed by the Ninth Circuit due to the inability of Plaintiff to allege sufficient facts to state a claim. *See Austin v. Kemper Corporation,* No. 22-15113, 2023 WL 3580340 (Ninth Cir. May 22, 2023).

In *Austin v. Georgetown University, et al*, Case No. 19-cv-05631-YGR, Plaintiff lost a motion to dismiss and immediately appealed. The Ninth Circuit directed the district court to determine whether Plaintiff should be permitted to proceed *in forma pauperis* and Judge Yvonne Gonzalez Rogers issued an order certifying that "any appeal taken from the order of dismissal and judgment of this action will not be taken in good faith and is therefore frivolous." *Austin v. Georgetown University et al*, Case No. 19-cv-05631-YGR, ECF No. 122 (September 24, 2021).

Clearly, this is hardly the first case in which Plaintiff has engaged in the frivolous and harassing tactics he does here. Unfortunately, even where dismissals are ordered, Plaintiff's secondary habit is to simply refile - just as was done in Austin II and III. *See*, *e.g., Austin v. Georgetown University et al*, 4:23-cv-05836-YGR (refiling claims against Georgetown University after first suit dismissed); *Austin v. Kemper Corp et al*, 3:24-cv-04183-JD (refiling claims against Kemper Corp. after first suit dismissed). This record demonstrates that repeated dismissals merely spur Plaintiff to refile his cases. Accordingly, ABC will not be protected from further frivolous and harassing conduct by Plaintiff absent the adoption of a pre-filing order by this Court.

The caselaw is clear that Plaintiff's conduct warrants a vexatious litigant declaration and a pre-filing order. Courts have found that filing numerous duplicative actions and several civil actions dismissed on their merits provides a sufficient record for a vexatious litigant declaration and appropriate remedies. *See Moore v. Wells Fargo Bank*, No. 2:17-cv-04828-ODW (GJS), 2018 WL 2723305, * (C.D. Cal. March 21, 2018) (entering order declaring plaintiff a vexatious litigant and implementing pre-filing

order where plaintiff filed duplicative actions and had several suits dismissed for failure to state a claim). In *Boustred v. Government*, Judge Whyte of the Northern District entered an order declaring a *pro per* plaintiff a vexatious litigant and requiring that plaintiff to obtain leave of court for any future filings alleging violations of "civil rights" involving the parties named in that action. *See Boustred v. Government*, No. C-08-00546 RMW, 2008 WL 4287570 (N.D. Cal. September 17, 2008). There, the Court found that such an order was appropriate because: (1) the record showed plaintiff had brought three different actions against the defendants containing rambling, largely incomprehensible claims; (2) plaintiff's actions often alleged claims against numerous defendants that had no connection to the underlying conduct; (3) the plaintiff continued to assert baseless claims telling the disconnected, disorientated story of a person who a series of challenges in his personal life; (4) plaintiff always filed as a pro per; (5) the plaintiff's conduct showed he wasted resources of the parties and the court and did not intend to stop filing these harassing suits. *Id.* at **2-3; *see, also, Huggins v. Hynes*, 117 F. App'x 517, 518 (9th Cir. 2004) (affirming district court's pre-filing review order in part because plaintiff "abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings").

### 4. *The relief ABC requests is a sufficiently narrowly tailored remedy.*

Finally, there is no question this Court can formulate a sufficiently narrowly-tailored order here. Modeled after the order entered in *Drevaleva v. Alameda Health Sys.*, No. 22-CV-01585-EMC, 2022 WL 2644086, at *4 (N.D. Cal. July 7, 2022), as affirmed by the Ninth Circuit, No. 22-16150, 2023 WL 2584258 (9th Cir. Mar. 21, 2023), ABC proposes that the Court enter the following pre-filing order against Plaintiff:

> Given Plaintiff's continued filings against ABC Legal Services, LLC, and his harassing conduct, the Court DECLARES Plaintiff a vexatious litigant and finds that a pre-filing order is appropriate moving forward. Plaintiff is ORDERED to seek pre-filing approval in this Court prior to filing cases or new motions in the Northern District of California *pro se* against ABC Legal Services, LLC, or any of its employees, officers, agents, members or counsel, regarding: ABC Legal Services, LLC's refusal to perform work for/with Plaintiff; ABC Legal Services, LLC's refusal to enter into or honor any claimed contract with

Plaintiff concerning serving process for Plaintiff; and/or ABC Legal Services, LLC's refusal to respond to Plaintiff's requests for service of process (or any communications from Plaintiff regarding the same).

## IV. CONCLUSION

ABC respectfully requests that this Court: dismiss Austin III with prejudice, without leave to amend, and without leave to re-file; declare Plaintiff a vexatious litigant; and impose a pre-filing order on Plaintiff requiring him to seek pre-filing approval in this Court prior to filing any new cases or motions in the Northern District of California *pro se* against ABC Legal Services, LLC, or any of its employees, officers, agents, or counsel.

Dated: October 16, 2024

MESERVY LAW, P.C.
DENTE LAW, P.C.

By: /s/ *Matthew S. Dente*
MATTHEW S. DENTE (SB# 241547)

Attorneys for Defendant ABC Legal Services, LLC