UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ABC LEGAL SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-04185-WHO<br><br>**ORDER ON THIRD AMENDED COMPLAINT AND MOTION TO RECUSE**<br><br>Re: Dkt. Nos. 104, 109 |

　　Plaintiff George Jarvis Austin ("Austin") seeks leave to file a third amended complaint ("TAC"). Upon review, Austin's proposed TAC has not cured the deficiencies that I identified with his last complaint. *See* Dkt. No. 96 (Order on Second Amended Complaint and Motion to Disqualify). The TAC does not warrant a response from defendant ABC Legal Services, LLC ("ABC Legal"). His allegations are conclusory, and his theory of liability is implausible. Austin has had three chances to amend his pleadings to state a claim against ABC Legal. He has come up short each time. I will not give him another opportunity to amend. This action is dismissed in its entirety.

**I.　　THIRD AMENDED COMPLAINT**

　　Austin has sued the same defendant, ABC Legal, three times in the last three years. Each time, he has failed to state a claim upon which relief could be granted. This time is no different.

　　After reviewing Austin's second amended complaint ("SAC"), which he filed pursuant to my order granting ABC Legal's motion to dismiss (Dkt. No. 50), I determined that while it did contain some new factual allegations, namely that Austin used "volunteer testers" to reveal ABC Legal's discriminatory behavior, those allegations were too conclusory to merit response from ABC Legal. I gave Austin one more opportunity to amend his complaint to include concrete

details about his new theory of liability. The section of the TAC that describes the "volunteer testers" theory has not changed from its previous iteration. *Compare* SAC ¶¶ 23-29 *with* TAC ¶¶ 23-29. Austin still has not pleaded any facts that would show how he deployed these "testers," or how ABC Legal responded to their outreach, and he does not state how ABC Legal's purported response to these "testers" supports his theory of discrimination.

The rest of the TAC is also made up of conclusory or incomprehensible allegations. Throughout three amended complaints, the only non-conclusory facts that he has pleaded in support of his discrimination claims, asserted as they are under 42 U.S.C. § 1981 and California's Unruh Act (Cal. Civ. Code § 51(b)), are that he is a Black man and ABC Legal understood him to be a Black man when they denied him service. This is not enough to support a claim for race discrimination. And as I explained in the first order granting ABC Legal's motion to dismiss, Austin's claims for fraud, false advertising, misrepresentation, and negligence (the contents of which have not changed since his first complaint) also all come up far short of their respective pleading standards. *See* Dkt. No. 50 at pp. 8-11. His allegations are conclusory and cannot proceed.

## II.  MOTION TO REASSIGN CASE

Even after I entered an order denying Austin's request that his case be reassigned to the Hon. Haywood Gilliam, *see* Dkt. No. 99 (Order Denying Motion to Reassign Case), Austin moved twice more to reassign his case to Judge Gilliam. *See* Dkt. Nos. 104, 109. His motions are DENIED, for the same reasons I expressed in the previous order. *See* Dkt. No. 99. The reasons that Austin has raised, repeatedly, for my disqualification lack merit.[1]

***

---

[1] Only one thing differentiates Austin's latest motions to reassign his case to Judge Gilliam from his first request for the same. After I denied Austin's first attempt at reassignment, he purported to name me as a defendant in this case. *See* Dkt. No. 100 (Notice of Additional Parties, naming Judge William H. Orrick, III as a defendant). Obviously, the timeframe within which Austin was allowed to add new parties to his complaint without leave of the court passed long ago. *See* Fed. R. Civ. P Rule 15(a)(1)(A). The justification that Austin offers for adding me as a defendant to this case fails. *See* Dkt. No. 109 at p. 2 (stating that, considering my order denying his request that I reassign the case to Judge Gilliam, I was "bias[ed]" and "prejudice[d]" against Austin). An unfavorable ruling, without more, does not justify naming me as a defendant in this case.

For the foregoing reasons, Austin request for leave to file the TAC is DENIED, his motions to reassign this case are also DENIED, and this action against ABC Legal is dismissed in its entirety. The clerk of the court shall enter judgment in ABC Legal's favor.

**IT IS SO ORDERED.**

Dated: February 3, 2025

William H. Orrick
United States District Judge